**Gary Lee HOWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42414.**

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Rehearing Denied March 11, 1970.

See also Tex.Cr.App., 453 S.W.2d 154.

————◆————

Pat McDowell, Dallas, (on appeal only), for appellant.

Henry Wade, Dist. Atty., and John Tolle, Camille, Elliott, James P. Finstrom, Scott Bradley and James A. Mills, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault with a prior non-capital felony conviction alleged

for enhancement under Article 62, Vernon's Ann.P.C.; the punishment, life.

This is an appeal from another case against this appellant who is the appellant in our cause, Tex.Cr.App., 453 S.W.2d 150.

The only grounds of error which have not been discussed in said cause are as follows. Three witnesses positively identified appellant as the robber. In this case, there is complaint as to the following argument of the prosecutor:

"MR. BRADLEY: * * * You can see that robbery is the type of case that requires a mad-dog personality, because a man who will rob 'from innocent people, people who work for their living, is like a mad dog because he is nothing but a threat to this society. There is no place in our society for a man who takes what he wants at the point of a gun.

\*      \*      \*      \*      \*      \*

MR. BRADLEY: The Mexican boy, Raymond Zargosi, only 15 years old, folks, and had to drop out of school to keep those five brothers and sisters and his family going, and here is this man, this mad dog out there and taking what he wants at the point of a gun.

MR. WISDOM: Now, your Honor, we will object to counsel referring to the defendant as a mad dog.

THE COURT: I sustain it.

MR. WISDOM: We move for a mistrial.

THE COURT: Overrule you.

MR. WISDOM: Note our exception. We ask that the jury be instructed to disregard it.

THE COURT: Disregard it."

We find this case within the rule announced in Threadgill v. State, 156 Tex.

Cr.R. 157, 239 S.W.2d 813; Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616, and Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145. In those cases we concluded that reversible error was not shown. In the case at bar, as in Yanez v. State, Tex.Cr.App., 403 S.W.2d 412, the court by his ruling correctly told the jury that such reference was improper.

Finding no reversible error, the judgment is affirmed.

ONION, J., and WOODLEY, P. J., concur in the result.