**Thomas Ray McDANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50089.**

Court of Criminal Appeals of Texas.

June 18, 1975.

OPINION

Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Richard Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

DALLY, Commissioner.

This is an appeal from a conviction for the offense of intentionally inflicting physical injury on a child fourteen years of age or younger in violation of Article 1148a, Vernon's Ann.P.C. The punishment assessed by the jury is imprisonment for five years. Since we agree that it does present reversible error, we need only consider ground of error number four which alleges that the prosecutor during his jury argument commented on the appellant's failure to testify.

The appellant did not testify and did not offer any evidence at the guilt-innocence phase of the trial. The State's evidence shows that, although they were not married, the appellant and the mother of the injured child had been living together for several months. While the mother worked, the appellant was babysitting with her two year old daughter Y___ S___ and her three year old son P___ S___. On the 23rd day of February, 1973, when the appellant was alone with the children, the back and buttocks of Y___ S___ were severely burned.

The prosecutor at the guilt-innocence phase of the trial argued as follows:

"[MR. WORTHY]: I submit to you that that it just couldn't have happened that way. There is only those three points of contact, nothing on the arms or feet or hands, nothing there.

"Now, I told you why the circumstantial evidence charge was there; there were no eye witnesses. We know that. There were three people there that could tell you what happened, possibly tell you, and Y___ and P___ are too young. They are not legally competent to testify so we have to go with what we have got—

"[MR. HALSEY]: I have to object to the comment on the failure of the defendant to testify.

"[MR. WORTHY]: I said nothing about him testifying.

"THE COURT: I don't construe it as any; overrule the objection.

"[MR. HALSEY]: Note our exception.

"THE COURT: The Court has instructed the jury in the—

"[MR. HALSEY]: Ask the jury to disregard the comments.

"THE COURT: No, sir.

"[MR. HALSEY]: Note our exception."

The State asserts that this argument does not constitute reversible error because at best it is an implied or indirect allusion to the appellant's failure to testify. In Turner v. State, 504 S.W.2d 843 (Tex.Cr.App. 1974), relied upon by the appellant, the arguments made and the rulings of the Court set out in the opinion are easily distinguished from the argument made and the ruling of the Court in this case.

■ For there to be reversible error because of an allusion or a comment on the failure of an accused to testify in his own behalf, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to such failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied allusion to the accused's failure to testify. Koller v. State, 518 S.W.2d 373 (Tex.Cr. App.1975); Winkle v. State, 506 S.W.2d 891 (Tex.Cr.App.1974); Turner v. State, supra; Yates v. State, 488 S.W.2d 463 (Tex.Cr.App.1972); Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967).

■ Since the evidence shows that Y__ S__ received serious burns on her back and buttocks while she and her brother, P__, were alone with the appellant, and since the argument made by the prosecutor consistent with this evidence is explicit and points out that there is no competent witness other than the appellant who can tell the jury what really happened, the necessary inference is that the comment referred to the appellant's failure to testify. When the language of the argument is considered together with the evidence before the jury, the argument was manifestly intended to and was of such a character that the jury would necessarily take it as a comment on the failure of the appellant to testify. See Koller v. State, supra; Chapman v. State, 504 S.W.2d 912 (Tex. Cr.App.1974); Lipscomb v. State, 467 S.W. 2d 417 (Tex.Cr.App.1971); Ramos v. State, supra.

■ The prosecutor's argument which we construe to be a comment on appellant's failure to testify violated both the appellant's constitutional and statutory rights. The Fifth Amendment to the Constitution of the United States, and see Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968); Article 1, Sec. 10 of the Texas Constitution, Vernon's Ann.St.; Article 38.08, Vernon's Ann.C.C.P.

■ This argument cannot be condoned because it was made under the guise of explaining the circumstantial evidence charge. Orozco v. State, 428 S.W.2d 666 (Tex.Cr. App.1967), reversed by the Supreme Court of the United States on another ground, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1968), insofar as it is in conflict with this opinion on this ground is overruled.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.