**John A. POLLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53554.**

Court of Criminal Appeals of Texas.

June 22, 1977.

James H. Kreimeyer, Belton, for appellant.

Joe Carroll, Dist. Atty., Paul R. Reagan and Geoffrey A. FitzGerald, Asst. Dist. Attys., Belton, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for aggravated kidnapping. Appellant was tried before a jury which assessed punishment at life in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged; therefore, only a brief recitation of the facts is necessary. The record reflects that the appellant forced Mrs. D\_\_\_\_\_ R\_\_\_\_\_ S\_\_\_\_\_'s car to the side of the road and then forced Mrs. S\_\_\_\_\_ and her two-year-old daughter into his own car. Appellant drove to an isolated area near Killeen where he ordered Mrs. S\_\_\_\_\_ to disrobe. Appellant then forced Mrs. S\_\_\_\_\_ to submit to sexual intercourse by threats that something would happen to her child. Mrs. S\_\_\_\_\_ testified that after appellant raped her she saw the lights of an approaching car. Appellant was startled by the lights and began to drive away so Mrs. S\_\_\_\_\_ grabbed her child and ran toward the approaching car which was a Killeen police vehicle. The police officer came to Mrs. S\_\_\_\_\_'s aid and radioed for assistance in apprehending appellant.

In his sole ground of error appellant contends that the prosecutor made an improper jury argument which constituted a comment on appellant's failure to testify.

During closing argument to the jury at the guilt/innocence phase of the trial the prosecutor made the following remarks:

". . . There has been a little talk about whether or not Mrs. S\_\_\_\_\_ remembered the tire tool the first time she was questioned or thereafter. The point is simple enough. The defendant got out of his car with the tire tool behind his back. Ten or fifteen seconds later he is upon her. She sees him. *No one contradicts her.* She says she saw it.

"MR. KREIMEYER (defense counsel): Your Honor, I'm going to object to that as being a comment on the defendant's failure to testify.

"THE COURT: The objection is overruled.

"MR. KREIMEYER: Note my exception.

"MR. FITZGERALD (Prosecutor): Whether or not she said it twenty times or one, she said it. It's up to you whether or not you believe her word . . ." (Emphasis added)

The prosecutor's remark about a tire tool refers to appellant's attempt to impeach Mrs. S_____'s testimony about her abduction. She testified at trial that after appellant forced her car off the road he approached her holding a tire tool in his hand. On cross-examination appellant impeached her testimony with her prior written statement to the police wherein she stated that appellant approached her with something in his hand. The prior statement did not identify the object as a tire tool. During jury argument, appellant's counsel made reference to the fact that Mrs. S_____ had not mentioned anything about a tire tool until she took the witness stand. The State contends, therefore, that the prosecutor's remarks quoted above were invited by defense counsel. We disagree.

■ Before an argument of the prosecution will constitute a comment on the failure of the accused to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion. *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974); *Turner v. State*, 504 S.W.2d 843 (Tex.Cr. App.1974).

■ A statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the record indicates that persons other than the accused could have offered contradictory testimony. *Nowlin v. State, supra; Gorman v. State*, 480 S.W.2d 188 (Tex.Cr.App.1972).

However, in *Dubose v. State*, 531 S.W.2d 330 (Tex.App.1976) we held that where the victim and the accused were the only persons present at the time of the offense and where the accused does not testify at trial, the prosecutor's remark that the defense had not presented "one scintilla of evidence" challenging the credibility of the victim was a comment on the accused's failure to testify. Such a comment violated Article 38.08, V.A.C.C.P.; Article 1, Sec. 10, of the Constitution of the State of Texas, and the Fifth Amendment of the United States Constitution. See also *McDaniel v. State*, 524 S.W.2d 68 (Tex.Cr.App.1975) and *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App. 1975).

In *Watson v. State*, 171 Tex.Cr.R. 526, 352 S.W.2d 120 (1961) the prosecutor argued that the evidence showed facts and circumstances that "can not be refuted and have not been refuted." He argued further that certain facts were "uncontradicted in this record" and that if there was any evidence showing anything other than the guilt of the accused "it has not been produced in evidence on this case." This Court held that since the record showed that the accused was the only person who could have testified to the matters referred to the prosecutor's remarks constituted a reference to the accused's failure to testify.

In *Mowery v. State*, 140 Tex.Cr.R. 657, 146 S.W.2d 988 (1941) the prosecution in a rape case argued:

"It is not shown in this record anywhere a contradiction as to the commission of the act."

This statement was held to be error since no one except the accused was in a position to contradict the testimony regarding the act of intercourse.

■ In the instant case the record shows that Mrs. S_____, her two-year-old child and appellant were the only parties present at the time of the offense. Appellant was the only person who could refute Mrs. S_____'s testimony; therefore, the prosecutor's reference to Mrs. S_____'s testimony as uncontroverted was a comment on appellant's failure to testify in violation of the authorities cited above.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.