Brian Dean KIRKHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0030–CR.

Court of Appeals of Texas,
Amarillo.

April 22, 1982.

Russell Busby, Austin, for appellant.

John Tull, County Atty., Arnold N. Miller, John L. Owen, Asst. County Attys., Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

Brian Dean Kirkham, the appellant, was charged by complaint and information with the offense of driving a motor vehicle while under the influence of intoxicating liquor. The jury convicted the appellant of the offense charged, assessed his punishment at three months in jail and a fine of $150.00, and recommended that the jail time and fine be probated. The trial court granted probation. The appellant maintains the trial court committed reversible error (1) at the voir dire phase of the trial by allowing the State to comment on his failure to testify at the trial; (2) by refusing to grant a mistrial when the State attempted to bolster one of its witnesses by asking the witness if his personal lawyer was the appellant's counsel; and (3) at the guilt phase by allowing the State to comment on his failure to testify. The appellant further contends that he was denied effective counsel because his counsel advised him not to testify at the guilt phase of the trial. Finding no reversible error, we affirm.

■ First, the appellant claims the trial court committed reversible error at the voir dire phase of the trial by allowing the State to comment on his subsequent failure to testify at the guilt-innocence phase of the trial. During the voir dire examination, the State asked one of the members of the jury panel if she thought "that a person who has been drinking alcohol is the best judge as to what extent, if any, the alcohol has affected his physical and mental faculties?" At the voir dire phase of the trial, the State had no way of knowing whether the appellant would testify. The State's question cannot be taken at that time as a comment on a subsequent failure of the appellant to testify. *Campos v. State*, 589 S.W.2d 424, 426 (Tex.Cr.App.1979). The appellant's first ground of error is overruled.

■ In his third ground of error, the appellant maintains that the trial court erred by allowing the State to comment on his failure to testify during its closing argument at the guilt-innocence phase of the trial. It is well settled that before an argument of the prosecution will constitute a comment on the failure of the accused to testify, the language used must be looked at from the standpoint of the jury, and the implication that the language used had reference to the accused must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion. *Pollard v. State*, 552 S.W.2d 475, 477 (Tex.Cr.App.1977).

■ The complained of language is set forth below:

I think when you look at all the factors involved, that you can definitely say the Defendant was definitely under the influence of alcohol. And how you can have reasonable doubt of that, I just don't see how you could have reasonable doubt of that.

Furthermore, you all weren't out there on the night in question. The officers were out there, they saw him, they were qualified as experts to testify whether or not they thought a person was under the influence of alcohol and they testified—

The appellant argues, citing *Pollard*, that a statement by the prosecutor that certain evidence is uncontradicted constitutes a comment on the accused's failure to testify where the record indicates that there were no other persons who could testify to the facts except for the accused. At the trial, the appellant objected to the comment on the ground that it was an indirect allusion to his failure to testify.

In the present case, the prosecutor did not state that the evidence that the appellant was under the influence of alcohol was uncontroverted. He argued, in effect, that the State's witnesses were credible and that the evidence against the appellant was strong enough to erase any reasonable doubt from the jurors' minds. Furthermore, under these circumstances, we are not persuaded that the State's comment is a direct, implied, or indirect allusion to the appellant's failure to testify. The third ground of error is overruled.

The appellant's second ground of error concerns the State's examination of one of the arresting officers, Roger Lucas. The prosecutor asked Officer Lucas, "[I]s Mr. Busby [the appellant's attorney] your attorney?" The officer replied, "I have counseled with him before and had some help from him before." The appellant objected to the question as an attempt by the State to lend credence to the witness's testimony and to reduce the effectiveness of the appellant's cross-examination of the witness. The State immediately withdrew the question, and the jury was instructed by the court to disregard the complained of question and answer.

The question was improper. However, in general, any error in asking an improper question may be cured or rendered harmless by the withdrawal of the question and by an instruction to disregard, except in extreme cases where it appears that the question was clearly calculated to inflame the minds of the jury and was of such character as to suggest the impossibility of withdrawing the impression produced on the jurors' minds. *Carrillo v. State*, 591 S.W.2d 876, 892–93 (Tex.Cr.App.1979). In the present case, the improper question was not so prejudicial to appellant as to render the court's instruction to the jury insufficient to cure the error. The appellant's second ground of error is overruled.

In essence, the appellant's final ground of error is that he was denied the right to testify in his own behalf and denied the effective assistance of counsel, because his attorney, fearing that the appellant would testify falsely, advised the appellant not to testify in his own behalf. The attorney's fears were based on the fact that, prior to trial, the appellant had negotiated a plea with the prosecutor. The appellant entered a plea of guilty before the judge and, under oath, answered affirmatively when asked if, on the night in question, he drove his car while under the influence of intoxicating liquor to some degree. The prosecutor recommended that appellant receive a deferred adjudication. The trial judge rejected the prosecutor's recommendation, the appellant withdrew his plea, and a jury trial was held. The appellant desired to testify at trial to the effect that, when he was arrested, he was not intoxicated to any degree.

The appellant's attorney, citing DR 7–102(A)(4) of the State Bar Rules, Tex.Rev. Civ.Stat.Ann. art. 320a–1, app. art. 12 § 8 (Vernon 1973), did not believe he could, in good conscience, allow his client to testify that he was not intoxicated to any degree, when his client had previously stated under oath that he was under the influence of intoxicating liquor to some degree. DR 7–102(A)(4) provides: "In his representa-

tion of a client, a lawyer shall not [k]nowingly use perjured testimony or false evidence."

The record indicates that the appellant was present when this matter was discussed outside the presence of the jury. During that discussion, the appellant's attorney stated his opinion, with which the trial judge agreed, that, under art. 26.13, Tex. Code Crim.Pro.Ann. (Vernon Supp.1981), the statements made by the appellant at the earlier proceeding could not be used against him during the guilt or punishment stage of any subsequent proceeding. Still, the appellant's attorney was concerned about DR 7–102. Ultimately, still outside the presence of the jury, the following took place:

> MR. BUSBY: It is [the appellant's] desire to testify, as he stated. I have stated that because of the disciplinary rule, I am not going to place him on the stand.
>
> He has stated that he will abide by my decision even though I have further advised him that it probaby is not in his best interest to not take the stand and I'll ask Mr. Kirkham, is that a fair assessment of what you and I talked about?
>
> THE DEFENDANT: Yes, sir.
>
> MR. BUSBY: You agreed that you will not take the stand because I indicated I could not put you on the stand?
>
> THE DEFENDANT: Yes, sir.
>
> MR. BUSBY: Even though I further advised you that it might not be in your best interest to not be a witness on behalf of yourself.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you do agree to abide by your attorney's decision?
>
> THE DEFENDANT: Yes, sir.

 The appellant was twice asked if he agreed with his attorney's decision not to place him on the stand. Both times he answered, "Yes, sir." The language used by the appellant's attorney and by the court as cited above, and during the preceding

discussion, is not of the type which would lead the appellant to believe that he was prohibited from testifying—that he had no choice in the matter. He was, in fact, admonished that it would not be in his best interest not to take the stand. Nevertheless, he twice agreed to abide by his attorney's decision. Under these circumstances, we conclude that the appellant was not denied the right to testify, but rather that he knowingly and intelligently waived that right.* Nor are we persuaded that he was denied the effective assistance of counsel. It cannot be considered ineffective assistance of counsel for an attorney to discourage a client from taking the stand in order to testify falsely. Admonishments concerning the giving of false testimony should not deter the client who intends to testify truthfully from taking the stand. The appellant's final ground of error is overruled.

In summary, the appellant's four grounds of error are overruled. The judgment of the trial court is affirmed.

---

* In this instance, we do not confront the situation presented in *Maddox v. State*, 613 S.W.2d 275 (Tex.Cr.App.1981), where the accused insisted on giving false testimony.