IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS



AT AUSTIN




 




NO. 3-90-295-CR




GEORGE JACKSON,



 APPELLANT


vs.




STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 104,884, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING



 




 Over a plea of not guilty, the jury found George Jackson guilty of aggravated
sexual assault of a child. See Tex. Penal Code Ann. § 22.021(a)(1)(B) (1989). The jury fixed
punishment, enhanced, at life imprisonment. Jackson appeals. We will affirm the judgment.


THE CONTROVERSY



 Jackson first met the victim in 1988 when his friend Sanford Hood began dating
the victim's mother. In the summer of 1989, Jackson went to the mother's house and picked up
the victim, who was twelve years old, and her two sisters, aged eleven and four. The victim's
mother had apparently entrusted Jackson with the care of the children that evening. They drove
to Hood's house, where the two younger sisters began watching television. The victim locked
herself in a bedroom to change clothes. While she was in the bedroom, Jackson unlocked the
door, entered the room and assaulted her.


 Several months later, after learning that the victim had made an early-morning
phone call to Hood, her grandmother began questioning her about a possible relationship with
Hood. The victim admitted that Hood had been having sex with her for almost two years. The
grandmother reported this to the Manor police. In response to police questioning, the victim said
that Jackson had also sexually assaulted her once. Jackson was arrested and convicted for the
sexual assault of the victim. He appeals.


IMPROPER PROSECUTORIAL ARGUMENT



 In his first and third points of error, Jackson contends he is entitled to a new trial
because in closing arguments the prosecutor (1) commented on Jackson's failure to testify, and
(2) said he thought Jackson was "a dirty, lowdown son-of-a-bitch." Jackson concedes that his trial
counsel made no objection, motion for instruction to disregard, or motion for mistrial in response
to the allegedly improper comments. See Tex. R. App. P. Ann. 52(a) (Pamph. 1992) (stating that
to preserve a complaint for appellate review, a party must make a timely objection and obtain a
ruling thereon). He argues, nevertheless, that this Court should consider the points of error
because the comments were so damaging that instructions to disregard would not have cured the
harm.

 As a rule, a defendant waives any impropriety in prosecutorial argument by failing
to make a proper and timely objection. Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App.
1982). This rule applies even when the defendant asserts a violation of his constitutional or
statutory rights. Borgen v. State, 672 S.W.2d 456, 460 (Tex. Crim. App. 1984). An exception
exists, however, when the prosecutor's argument is so prejudicial that an instruction to disregard
will not cure the harm. Briddle v. State, 742 S.W.2d 379, 389 (Tex. Crim. App. 1987), cert.
denied, 488 U.S. 986 (1988). We will examine each instance of alleged error to determine
whether it was so prejudicial that an objection and motion to disregard would have been
ineffective.


Comment on Failure to Testify
 

 In his first point of error, Jackson complains the prosecutor improperly commented
on his failure to testify, thereby violating his rights under the federal and state constitutions and
article 38.08 of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.08
(1979); Bird v. State, 527 S.W.2d 891, 893 (Tex. Crim. App. 1975). The prosecutor argued as
follows in his closing argument:


 The bottom line is, you heard the testimony of the child. That's basically
it. Because the medical testimony, you can explain away. You can blame that on
Sanford. You can blame the trichomoniasis on Sanford. You can blame the
enlarged opening in the hymen on Sanford. You can explain the remnant of a
hymen on Sanford. You can blame all that on Sanford. But the thing is, you're
either going to believe [the victim] and convict that man or you don't believe [the
victim] and you let him walk.


 When you go back there, I want you to consider that the criminal picks the
time and place of the crime. He picks the time and the place of the crime. That's
what we talked about on voir dire, that if you have one witness, even if it's a child,
and if you believe that child beyond a reasonable doubt, the law says you must
convict. So I don't want anyone back there saying, well, it's only her. We did
bring you [the victim's] sister. She corroborates that they went out there. Beyond
those closed doors, beyond that locked door, the only people that know are [the
victim] and George. And [the victim] has told you what happened. We're asking
you to believe it. The testimony of [the victim] is there.



(Emphasis added). 

 Jackson argues that the emphasized portion of the argument constituted a direct
comment on his failure to testify. In support of his contention, he cites McDaniel v. State, 524
S.W.2d 68 (Tex. Crim. App. 1975) (1) and Pollard v. State, 552 S.W.2d 475 (Tex. Crim. App. 

1977). (2) In each of those cases, however, defense counsel objected to the prosecutor's argument;
therefore, we cannot directly compare the erroneous argument in those cases and the challenged
argument in this case. In fact, we have found no case in which a prosecutor's comment on the
failure of the defendant to testify constituted reversible error in the absence of an objection. Nor
do we believe this case presents such an error.

 For an argument or comment to violate the rule that a prosecutor may not comment
on a defendant's failure to testify, the prosecutor's implication must be a necessary one as viewed
by the jury. Davis v. State, 645 S.W.2d 817, 818 (Tex. Crim. App. 1983). It is not sufficient
that the language might be construed as an implied allusion to the defendant's failure to testify. 
Todd v. State, 598 S.W.2d 286, 294 (Tex. Crim. App. 1980); McDaniel, 524 S.W.2d at 70. 
Such an argument constitutes error only if the prosecutor's language was manifestly intended to
be or was of such a character that the jury would naturally and necessarily take it to be a comment
on the defendant's failure to testify. Bird v. State, 527 S.W.2d at 894; Lopez v. State, 793
S.W.2d 738 (Tex. App. 1990), pet. dism'd, 810 S.W.2d 401 (Tex. Crim. App. 1991); see also
Montoya v. State, 744 S.W.2d 15, 35 (Tex. Crim. App. 1987) (stating that the facts and
circumstances of each case determine the character of the language used by the prosecutor), cert.
denied, 487 U.S. 1227 (1988).

 Other than hearsay statements of what the victim told others, the State's case rested
largely on the weight and credibility of the victim's testimony. She was only thirteen years old
at the time of trial. The medical and psychological evidence indicating that the victim had been
sexually active could be explained by the repeated assaults by Sanford Hood. The victim's two
sisters were present in the house at the time of the alleged assault, but neither could corroborate
the victim's story. In argument, Jackson's trial counsel repeatedly remarked on inconsistencies
in the testimony of the State's witnesses, particularly the victim's testimony. (3)

 Because of the dearth of corroborating evidence and the defense counsel's attack
on the victim's credibility in argument, we conclude the jury could have viewed the challenged
language as a plea for them to believe the victim's testimony; therefore, we do not believe the jury
would necessarily take it as a comment on Jackson's failure to testify.

 We overrule the first point of error.


Prejudicial Language



 In his third point of error, Jackson contends the prosecutor committed reversible
error by using inflammatory and prejudicial language to describe Jackson. At the beginning of
his closing argument, the prosecutor said:


 Now, the defense attorney has talked about rabbit trails and that maybe if you
follow some of those rabbit trails, you might find the rabbit. I don't know about
rabbits, but like Jean Jones said, I think you will find a dirty, lowdown son-of-a-bitch. I'm talking about George Jackson.



Jackson argues that the prosecutor's characterization of him as "a dirty, lowdown son-of-a-bitch"
and the insertion of the prosecutor's personal opinion of Jackson served no purpose other than to
inflame and prejudice the jury against him. Jackson's attorney, however, did not object to the
prosecutor's argument. 

 The four permissible areas of jury argument are: (1) summation of the evidence;
(2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4)
pleas for law enforcement. Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). 
Even when an argument exceeds the permissible bounds of the four areas, however, a defendant
must show that, in light of the record as a whole, the argument is extreme or manifestly improper,
is violative of a mandatory statute, or injects new and harmful facts into the trial proceeding. 
Todd, 598 S.W.2d at 297.

 The State argues that the prosecutor's comment was a summation of the evidence. 
During cross-examination of the victim, Jackson's counsel asked what the victim's grandmother,
Jean Jones, said upon learning of the assault. The victim replied, "Well, she called him a
lowdown, dirty son-of-a-bitch." The State argues the prosecutor simply quoted trial testimony,
so he did not inject new facts harmful to the accused or violate any court order.

 We disagree with the State's characterization of the prosecutor's challenged
statement as a summation of the evidence. The victim's recollection that her grandmother called
Jackson "a lowdown, dirty son-of-a-bitch" was not evidence bearing on Jackson's guilt. Instead,
the prosecutor's statement was simply his repetition of a derogatory opinion about the defendant.

 Despite the prosecutor's apparent attempt to inflame the minds of the jurors,
Jackson must show that an instruction to disregard would not have cured the prejudice. Briddle,
742 S.W.2d at 389; Romo, 631 S.W.2d at 505. From our review of cases in which prosecutors
made derogatory remarks about defendants, we conclude that an instruction to disregard would
have cured the prejudice in this case. See, e.g., Howard v. State, 453 S.W.2d 153, 154 (Tex.
Crim. App. 1970) (instruction to disregard cured prosecutor's characterization of defendant as a
"mad dog"); Galloway v. State, 716 S.W.2d 556, 557 (Tex. App. 1986, pet. ref'd) (instruction
to disregard cured prosecutor's reference to "pedophiles" and "sick animals"); Cammon v. State,
672 S.W.2d 845, 850 (Tex. App. 1984, no pet.) (instruction to disregard cured characterization
of defendant as an "animal"); see also Johnson v. State, 698 S.W.2d 154, 167 (Tex. Crim. App.
1985) (instruction to disregard cured prosecutor's injection of his personal opinion of defendant's
guilt), cert. denied, 479 U.S. 871 (1986). 

 Jackson relies upon a line of cases in which the reviewing court found reversible
error in the prosecutor's remarks during trial. See, e.g., Boyde v. State, 513 S.W.2d 588, 591
(Tex. Crim. App. 1974); Stein v. State, 492 S.W.2d 548, 552 (Tex. Crim App. 1973). Those
cases are distinguishable from the instant case because in each of the cited cases (1) the defendant
objected to the prosecutor's conduct; (2) the prosecutor violated an express court order; and (3)
the prosecutorial misconduct was so blatant as to border on being contumacious. See Landry v.
State, 706 S.W.2d 105, 111 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). Those
factors are absent in the present case.

 We overrule Jackson's third point of error.


INEFFECTIVE ASSISTANCE OF COUNSEL



 In his second, fourth and fifth points of error, Jackson contends he should receive
a new trial because his trial counsel rendered ineffective assistance. In various portions of his
brief Jackson identifies five instances in which he asserts his trial counsel fell below the level of
competence demanded of reasonably competent attorneys. He complains specifically of his
counsel's failure to (1) object to the prosecutor's alleged comment on Jackson's failure to testify;
(2) object to the prosecutor's characterization of Jackson as "a dirty, lowdown son-of-a-bitch";
(3) object to the testimony of the victim's therapist about the effects of sexual assault on the
victim; (4) cross-examine the therapist about the effects on the victim of Hood's repeated assaults;
and (5) object to hearsay statements contained in medical records offered by the State. Jackson
maintains the cumulative effect of these omissions rendered his trial counsel's performance so
deficient as to undermine confidence in the outcome of the trial.

 To establish ineffective assistance of counsel, a defendant must show (1) that his
trial counsel's performance was deficient, and (2) that the deficient performance prejudiced the
defense so as to deprive the defendant of a fair trial. Black v. State, 816 S.W.2d 350, 356 (Tex.
Crim. App. 1991) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)); see Washington
v. State, 771 S.W.2d 537, 545 (Tex. Crim. App.), cert. denied, 492 U.S. 912 (1989). The
defendant carries the burden of showing that omissions or other mistakes made by his trial counsel
amounted to professional errors of a magnitude sufficient to raise a reasonable probability that the
outcome of the trial would have been different but for the errors. Ex parte Welborn, 785 S.W.2d
391, 393 (Tex. Crim. App. 1990).

 A defendant is not entitled, however, to errorless or perfect counsel. Isolated
instances in the record reflecting errors of commission or omission do not constitute ineffective
assistance of counsel, nor can the defendant establish ineffective assistance of counsel by isolating
or separating out for examination only certain aspects of the trial counsel's performance. Bridge
v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). To determine whether the defendant has
been deprived of effective assistance of counsel, we must look at the totality of the representation
as of the time of trial, and not through hindsight. Id. Moreover, our scrutiny of the defense
counsel's performance must be highly deferential. Welborn, 785 S.W.2d at 393; see also Haynes
v. State, 790 S.W.2d 824, 826 (Tex. App. 1990, no pet.) (stating that a strong presumption exists
that trial counsel rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment).

 Looking at the totality of the circumstances, we cannot agree that the defense
counsel's omissions were of a magnitude sufficient to raise a reasonable probability that the
outcome of the trial would have been different but for the errors. We held above that the
prosecutor's argument was not necessarily an allusion to Jackson's failure to testify. In the
context of the entire argument, the jury could construe the prosecutor's remarks as a plea for the
jury to believe the victim's testimony. Jackson's trial counsel may have chosen not to object to
the argument because an instruction to disregard would only have emphasized Jackson's failure
to testify. This effect would have occurred regardless of whether the trial counsel approached the
bench to voice his objection outside the presence of the jury. See Solis v. State, 792 S.W.2d 95,
100 (Tex. Crim. App. 1990) (stating that a reviewing court should not use hindsight to second
guess a tactical decision made by trial counsel when that decision does not fall below the objective
standard of reasonableness).

 With regard to the lack of an objection to the prosecutor's stated opinion that
Jackson was "a dirty, lowdown son-of-a-bitch," we agree that the trial counsel's omission was
outside the range of professionally competent assistance. See Howard, 453 S.W.2d at 153 (a
prosecutor's derogatory reference to the defendant is improper); Johnson, 698 S.W.2d at 167 (it
is improper for a prosecutor to inject personal opinions in statements to the jury). We can
conceive of no strategic reason for defense counsel to sit silently while the prosecutor says he
believes the defendant is "a dirty, lowdown son-of-a-bitch." 

 We conclude, however, that this omission was not so prejudicial as to deprive
Jackson of a fair trial. The State adduced evidence that the victim had been sexually active, and
the victim testified unequivocally that Jackson assaulted her. Although we believe the
prosecutor's remark was meant to inflame the minds of the jurors, in light of the evidence
presented we cannot say that Jackson has carried his burden of showing the remark was so
prejudicial as to undermine our confidence in the verdict.

 Jackson next complains that his trial counsel was deficient for not objecting to the
testimony of the victim's therapist, Nancy Jo Bergeron, who testified about the effects of sexual
abuse on the victim. Jackson contends that none of Bergeron's testimony was relevant to the issue
of his guilt because any effects the victim suffered could be attributed to the abuse inflicted by
Sanford Hood. We disagree.

 "Relevant evidence" means evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence. Tex. R. Crim. Evid. Ann. 401 (Pamph. 1992). To obtain
a conviction under section 22.021, the State carries the burden of showing (1) there was a
penetration of the female sexual organ of a child, and (2) the accused intentionally or knowingly
caused that penetration. Tex. Penal Code Ann. § 22.021(a)(1)(B) (1989). Bergeron's testimony
that the victim related stories of sexual abuse, and suffered detrimental effects because of that
abuse, was of some consequence to the determination whether the assault actually took place. 
Moreover, Bergeron testified that the victim claimed to have been assaulted by more than one
person. This testimony tends to make Jackson's guilt more probable than it would be without the
testimony. We do not believe Jackson's trial counsel was deficient for failing to object to
Bergeron's testimony on relevance grounds. (4)

 Jackson also argues that his trial counsel should have cross-examined Bergeron
regarding the effects of sexual abuse by Hood. He contends this would have shown that Jackson,
even if guilty, was not solely responsible for the victim's suffering. Jackson argues as well that
a vigorous cross-examination of Bergeron would have dispelled the notion that because the victim
suffered from sexual abuse, Jackson must be guilty of that abuse. In his cross-examination of
Bergeron, defense counsel asked her:


 Q. Would you say that [the victim's] problems have stemmed from abuse she
received from one person or several persons?


 A. Several people, I believe.


 Q. Would you say that was all the -- including her family or other people or
what?


 A. Another person.



Jackson maintains that although Bergeron mentioned the possibility of abuse by others, his trial
counsel was deficient for failing to develop the topic further.

 We believe the passage quoted above was sufficient to inform the jury that Jackson
was not responsible for all the victim's problems stemming from sexual abuse. Furthermore, the
victim testified explicitly that Hood had assaulted her weekly for almost two years, and in closing
argument the prosecutor referred repeatedly to Hood's assaults on the victim. Even if Jackson's
trial counsel was deficient in failing to develop the topic of Hood's assaults on the victim, we
cannot agree this error was so prejudicial that it deprived Jackson of a fair trial.

 Finally, Jackson complains that his trial counsel rendered ineffective assistance by
failing to object to hearsay statements in the victim's medical records. The State's Exhibit No.
1 contained the following statements under the heading "Counselor's Comments": "Patient has
been sexually active for one year. Male is 45-year-old family member and his friend, male." 
Roberta Braun, a gynecologist who had treated the victim, read the statement to the jury at the
prosecutor's request.

 The State laid the proper predicate to establish the medical records themselves as
records of regularly conducted activity. See Tex. R. Crim. Evid. Ann. 803(6) (Pamph. 1992). 
The State contends the hearsay statements contained within the records fall within the "medical
diagnosis or treatment" exception of Rule 803(4). See Tex. R. Crim. Evid. Ann. 803(4) (Pamph.
1992). (5) We agree. Several courts have held that a child's statement made to a medical-care
provider concerning abuse falls within the Rule 803(4) exception to the hearsay rule as a statement
made for the purpose of medical diagnosis or treatment. See, e.g., Fleming v. State, 819 S.W.2d
237, 247 (Tex. App. 1991, pet. ref'd); Reyna v. State, 797 S.W.2d 189, 193-94 (Tex. App. 1990,
no pet.); Macias v. State, 776 S.W.2d 255, 259 (Tex. App. 1989, pet. ref'd); see also Tissier v.
State, 792 S.W.2d 120, 125 (Tex. App. 1990, pet. ref'd); In the Interest of L.S., 748 S.W.2d
571, 577 (Tex. App. 1988, no writ). We do not believe Jackson's trial counsel was deficient for
failing to object to the statement contained in the records. Even if the trial counsel's failure to
object was outside the range of professional competent assistance, we conclude there is no
reasonable probability that the result of this trial would have been different had trial counsel
objected to the hearsay statements in the medical records.

 The right to effective counsel is not the right to error-free counsel. Hernandez v.
State, 726 S.W.2d 53, 58 (Tex. Crim. App. 1986). Viewing the trial counsel's representation as
a whole and assessing the cumulative effect of all of the trial counsel's errors, we cannot find that
the result of the trial would have been any different absent the errors. See Solis, 792 S.W.2d at
100. We overrule Jackson's second, fourth and fifth points of error.

 Finding no reversible error, we affirm the trial-court judgment.


 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 22, 1992

[Do Not Publish]
1. In McDaniel the defendant was accused of injuring a child. In argument, the prosecutor
stated:


 Now, I told you why the circumstantial evidence charge was there; there
were no eye witnesses. We know that. There were three people there that
could tell you what happened, possibly tell you, and Y__ and P__ are too
young. They are not legally competent to testify so we have to go with what we
have got.


The court of criminal appeals considered this a comment on the defendant's failure to testify
and reversed the judgment of conviction. McDaniel, 524 S.W.2d at 70.
2. The prosecutor in Pollard argued:


 There has been a little talk about whether or not Mrs. S__ remembered the tire
tool the first time she was questioned or thereafter. The point is simple enough. 
The defendant got out of his car with the tire tool behind his back. Ten or
fifteen seconds later he is upon her. She sees him. No one contradicts her. 
She says she saw it.


The court of criminal appeals held this argument to be reversible error as a comment on the
defendant's failure to testify. Pollard, 552 S.W.2d at 477.
3. In his argument, defense counsel attempted to diminish the weight of the victim's
testimony by (1) emphasizing her inability to remember when the assault occurred; (2)
remarking on the instability of her home life; (3) pointing out certain inconsistencies between
her testimony and her grandmother's testimony; (4) pointing out inconsistencies between the
victim's testimony and her sister's testimony; and (5) emphasizing inconsistencies in the
information the victim provided to Planned Parenthood employees. Jackson's trial counsel
also implied that the victim was coaxed into accusing Jackson of the assault and that she was
fabricating evidence to support her accusation.
4. On appeal, Jackson argues only that his trial counsel should have challenged Bergeron's
testimony on relevance grounds. He does not complain that his attorney failed to object to the
hearsay statements related by Bergeron. Consequently, we need not decide whether the
attorney's performance was deficient in that respect.
5. Texas Rule of Criminal Evidence 803(4) excludes from the hearsay rule "[s]tatements
made for purposes of medical diagnosis or treatment and describing medical history, or past or
present symptoms, pain, or sensations, or the inception or general character of the cause or
external source thereof insofar as reasonably pertinent to diagnosis or treatment." Tex. R.
Crim. Evid. Ann. 803(4) (Pamph. 1992).