Toler v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







 NO. 03-95-00285-CR 


NO. 03-95-00286-CR







Timmy Pullen Toler, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NOS. A-94-0404-S & A-94-0405-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







 A jury found appellant Timmy Pullen Toler guilty of aggravated assault on a police
officer and possession of cocaine and assessed punishment at two years for aggravated assault and
eleven years for possession of a controlled substance. Tex. Penal Code Ann. § 22.02 (West
1994); (1) Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen.
Laws 2230 (codified at Tex. Health & Safety Code Ann. § 481.115, since amended). We will
affirm the trial court's judgments of conviction.



BACKGROUND


 On June 10, 1994, Officer Kevin Deaver of the San Angelo Police Department
observed Antoine White at a pay phone in the parking lot of Lee's Superette Convenience Store. 
White was accompanied by two other men. Deaver had been informed in the past that White was
involved in narcotics trafficking. Deaver approached White and began questioning him. White
consented to Deaver's search of him. Deaver found that White had sixty dollars and some change
in his pockets. Deaver testified that since crack cocaine is commonly sold in twenty dollar lots
and there were three men together in the parking lot, he suspected that a drug deal was in
progress. At this time, the pay phone rang, White answered, "I'll be there," and walked away
with his two companions. Deaver followed the men in his car. From a distance, he saw White
and the two other men on the porch of a residence at 114 West 18th Street occupied by Elma
Franklin.

 Deaver observed appellant arrive and hurriedly enter the house from his car. 
Deaver followed and Franklin let him in the house. While in the house, Deaver spotted appellant
in the bathroom raising up from the commode which was filled with unflushed feces. Deaver
testified that since it was common to dispose of drugs by flushing them down the commode, he
thought the appellant had placed drugs into the commode's opaque contents. The water had been
turned off to the house and the commode did not flush. Deaver approached appellant to detain
him with handcuffs, but appellant resisted, striking out with both hands. The altercation continued
and appellant violently resisted arrest. The skirmish damaged walls in the house and spilled out
into the front yard. At that point, Officer Keeling arrived and subdued appellant.

 By then, Deaver had discovered that appellant's right hand was wet. He also noted
fecal debris on his person which could only have come from appellant. The officers dredged the
commode and found a plastic baggie containing what appeared to be eight rocks of crack cocaine. 
A laboratory investigation subsequently confirmed this fact. When Detective Keeling of the
narcotics division arrived, he searched appellant's car and found a pager and a cellular phone. 
The most recent number on the pager was 655-8667, the number of the pay phone White had
answered at Lee's Superette. Appellant was arrested and charged by separate indictments with
assaulting a police officer and possessing a controlled substance. He was tried for both offenses
in one trial, and the jury found him guilty of both.



 DISCUSSION


Legal Sufficiency of the Evidence

 In point of error one, appellant alleges that the evidence was legally insufficient to
prove that he knowingly possessed cocaine. This complaint refers only to the indictment charging
appellant with possession of a controlled substance. The State had the burden to prove that
appellant exercised care, custody, and control over the cocaine, knowing it was contraband. See
Oaks v. State, 642 S.W.2d 174, 176 (Tex. Crim. App. 1982). 

 Appellate review of the legal sufficiency of the evidence is limited to determining
whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier
of fact could have found beyond a reasonable doubt the essential elements of the crime charged. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Villalon v. State, 791 S.W.2d 130, 132 (Tex.
Crim. App. 1990). The standard of review is the same in both circumstantial and direct evidence
cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). The jury is the trier of
fact and the exclusive judge of the credibility of witnesses and the weight to be given their
testimony. Tex. Code. Crim. Proc. Ann. art. 38.04 (West 1979). The jury is free to accept all
or part of the evidence presented by either party. See Saxton v State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991).

 It is not the reviewing court's duty to disregard, realign, or weigh the evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The appellate court must
consider all the evidence admitted. Nickerson v. State, 810 S.W.2d 398, 400 (Tex. Crim. App.
1991). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact
believes the evidence, an appellate court is not in a position to reverse the conviction due to
legally insufficient evidence. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 

 Appellant argues that the only link between the confiscated cocaine and himself was
that he was the only person in the bathroom. He points out that no fingerprints were taken, no
evidence was presented that showed he was the only one to go into the bathroom, and the
residence was not under appellant's exclusive control. Furthermore, appellant argues that he was
not intoxicated by the substance, no paraphernalia of drug use was found on his person or in his
car, and he did not live in the residence where the substance was found. Therefore, appellant
argues that he was not affirmatively linked to the cocaine and the evidence is insufficient to prove
he knowingly possessed the cocaine. See Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim.
App. 1987) (affirmative links between defendant and controlled substance must exclude every
reasonable hypothesis except defendant's guilt).

 We note, however, that the Court of Criminal Appeals has dispensed with the
requirement that the State must disprove every reasonable hypothesis except the defendant's guilt,
a test known as the "outstanding reasonable hypothesis standard." In Brown v. State, 911 S.W.2d
744 (Tex. Crim App. 1995), the Court of Criminal Appeals further clarified its position on
affirmative links analysis, resolving a "disagreement among the courts of appeals concerning the
current viability of case law requiring proof of an `affirmative link' in drug prosecution cases." 
Id. at 745. After reviewing the history of the affirmative link requirement, the court held:



Nevertheless, some of our precedents, including Humason, do invoke the
"outstanding reasonable hypothesis" standard in connection with a search for
evidence linking the accused to illegal drugs. Clearly, any aspects of those cases
which rely on that standard no longer control. The ultimate consequence is that
each defendant must still be affirmatively linked with the drugs he allegedly
possessed, but this link need no longer be so strong that it excludes every other
outstanding reasonable hypothesis except the defendant's guilt.



Id. at 747. Therefore, while the State must affirmatively link the defendant to the contraband in
order to prove knowing possession, the link need not exclude every other reasonable hypothesis
except the defendant's guilt. 

 In the instant cause, affirmative links connecting appellant to the controlled
substance include: (1) the officers found crack cocaine in a baggie in the commode above which
appellant was standing; (2) appellant's right hand was wet even though the water was turned off
in the house; (3) after appellant grappled with the officers, Deaver found feces on his own hand;
(4) appellant resisted arrest and attempted flight; (5) two confidential informants told Deaver that
appellant was dealing cocaine; and (6) the pay phone number where the officer encountered White
was the most recent number in appellant's pager. We conclude the evidence affirmatively linked
appellant to the cocaine in the commode and that the evidence was legally sufficient to support the
jury's finding of guilt. We overrule appellant's first point of error.



Improper Jury Argument 

 In his second point of error, appellant contends that the State proffered improper
jury argument which could not be cured by a timely objection. Specifically, appellant claims that
the prosecutor (1) injected facts into argument that were not in evidence, and (2) commented on
appellant's failure to testify during the trial. We note at the outset that appellant argues two
specific and unrelated instances of improper jury argument under the same point of error. Thus,
the point of error could be overruled as multifarious. See Brooks v. State, 642 S.W.2d 791, 793
(Tex. Crim. App. 1982) (point of error is multifarious when it embraces more than one specific
ground of error, or if it attacks several distinct and separate rulings of trial court). Even on the
merits, appellant's arguments fail.



 Arguing Facts not in Evidence

 During final argument, the prosecutor said:



And ladies and gentleman -- excuse me, ladies, there is no reason -- the law
observes no reason that an individual who's been put under detention or put under
arrest by a peace officer can resist. You can't do it. It is illegal to hit a policeman
in the United States of America and in the State of Texas, and I hope in the City
of San Angelo and the County of Tom Green, because it ought to be. Because
officers have a dangerous job and officers put up with enough without having to
get beat up all the time . . . . And if that's not enough, ladies and gentleman, to
set that man free, then find him guilty. (sic) And if these inconsistencies are
important and as big as [defense counsel] says they are, and these officers are bad
guys, then set this man free, find him not guilty, and drive down to Beauregard
Street and tell Chief Smith about it. Because I've had enough lawyers coming in
here and telling us that cops always lie and they never do their job . . . . Well, he
didn't search those people there, ladies and gentleman, because he didn't have
probable cause to. It would have been illegal for him to search those other people. 
He had no reason to. Had they done anything? No.



Appellant did not object to the prosecutor's argument.

 Appellant contends on appeal that the prosecutor improperly injected facts outside
the scope of the evidence into argument. Furthermore, appellant claims that his complaint raises
fundamental error, an exception to the general rule requiring preservation of error. See Romo v.
State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982).

 The permissible scope of jury argument consists of (1) summation of the evidence;
(2) any reasonable deduction from the evidence; (3) a response to argument of opposing counsel;
or (4) a plea for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). 
Even if jury argument falls outside the permissible scope, in order to constitute reversible error,
the jury argument must be extreme or manifestly improper, violate a mandatory statute, or inject
new facts in evidence harmful to the accused. Jacobs v. State, 787 S.W.2d 397, 406 (Tex. Crim.
App. 1990). Moreover, an appellate court need not reverse a trial court judgment when, beyond
a reasonable doubt, the error made no contribution to the conviction. See Tex. R. App. P.
81(b)(2); Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990).

 The State responds that appellant failed to preserve his complaint for appellate
review. See Tex. R. App. P. 52(a); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990) ("[E]ven constitutional errors may be waived by failure to object at trial"); State v. Nolan,
808 S.W.2d 556, 559 (Tex. App.--Austin 1991, no pet.). We agree. Appellant failed to apprise
the trial court of his complaint. Moreover, we conclude that the error, if any, was not
fundamental because it did not cause such egregious harm as to undermine the basic fairness and
impartiality of appellant's trial. See Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim. App.
1984).


 Comment on Appellant's Failure to Testify

 During final argument, the prosecutor said, "But there is no evidence from the
defense that disputes what Officer Deaver's [sic] told you; that while in the bathroom, he told Mr.
Pullen, `I'm going to detain you.'" Appellant's counsel offered no objection to the State's
argument.

 Appellant argues on appeal that this statement is a direct comment on his failure
to testify and is hence impermissible jury argument. Tex. Code Crim. Proc. Ann. art. 38.08
(West 1995); Owen v. State, 656 S.W.2d 458, 459 (Tex. Crim. App. 1983). Moreover, appellant
further argues that the error was fundamental, an exception to the general rule requiring
preservation of error. Owen, 656 S.W.2d at 459 (harm from comment on defendant's failure to
testify is so egregious it cannot be cured by instruction to disregard).

 The State responds that the prosecutor's comments were not directed at the
defendant's failure to testify. Instead, the State contends the comments were directed at the
defense witnesses who testified, yet failed to contradict Deaver's version of the events.

 In Pollard v. State, 552 S.W.2d 475 (Tex. Crim. App. 1977), the court stated:



Before an argument of the prosecution will constitute a comment on the failure of
the accused to testify, the language must be looked to from the standpoint of the
jury, and the implication that the language used had reference to the accused must
be a necessary one. It is not sufficient that the language might be construed as an
implied or indirect allusion. . . . A statement that certain evidence is
uncontroverted or unrefuted or uncontradicted does not constitute a comment on
the accused's failure to testify where the record indicated that persons other than
the accused could have offered contradictory testimony."



Id. at 477 (emphasis added).

 In the instant case, several defense witnesses who were present in the house
testified as to the events surrounding appellant's arrest. None of the witnesses contradicted
Deaver's version of the events. The prosecutor simply argued that Deaver's testimony was
uncontradicted by the defense witnesses who testified. According to Pollard, such an argument
is not a comment on a defendant's failure to testify. We overrule appellant's second point of
error.



 CONCLUSION


 Having overruled both of appellant's points of error, we affirm the judgments of
conviction.



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 12, 1996

Do Not Publish

1.   These offenses took place before September 1, 1994 and are governed by the
law in effect at the time the offenses occurred. Because the code amendments effective
September 1, 1994 have no substantive effect on the offenses, we cite the current code for
convenience.


e; (3) a response to argument of opposing counsel;
or (4) a plea for law enforcement. Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). 
Even if jury argument falls outside the permissible scope, in order to constitute reversible error,
the jury argument must be extreme or manifestly improper, violate a mandatory statute, or inject
new facts in evidence harmful to the accused. Jacobs v. State, 787 S.W.2d 397, 406 (Tex. Crim.
App. 1990). Moreover, an appellate court need not reverse a trial court judgment when, beyond
a reasonable doubt, the error made no contribution to the conviction. See Tex. R. App. P.
81(b)(2); Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990).

 The State responds that appellant failed to preserve his complaint for appellate
review. See Tex. R. App. P. 52(a); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990) ("[E]ven constitutional errors may be waived by failure to object at trial"); State v. Nolan,
808 S.W.2d 556, 559 (Tex. App.--Austin 1991, no pet.). We agree. Appellant failed to apprise
the trial court of his complaint. Moreover, we conclude that the error, if any, was not
fundamental because it did not cause such egregious harm as to undermine the basic fairness and
impartiality of appellant's trial. See Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim. App.
1984).