# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00421-CR

**Jacob Sanchez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2013-199, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jacob Sanchez of aggravated sexual assault of a child and assessed punishment at thirty-five years' confinement in Texas Department of Criminal Justice-Institutional Division. *See* Tex. Penal Code § 22.021. Sanchez appeals arguing in one issue that the prosecutor made an impermissible comment on his failure to testify, in violation of his United States and Texas constitutional right against self-incrimination.[1] We will affirm.

---

[1] Because it is not necessary to the disposition of this appeal, which does not challenge the sufficiency of the evidence supporting the conviction, we will not recite the underlying facts in detail. *See* Tex. R. App. P. 47.1. However, we do observe that appellant's brief includes a statement of facts that appears to have been copied from a brief counsel for appellant submitted to this Court in an unrelated case, *Lopez v. State*, Cause No. 03-13-00852-CR, and, consequently, misstates the record in this case. For example, appellant's brief misidentifies the victim, inaccurately states that she made an outcry by text message to her mother, and contains numerous other inaccurate statements regarding the facts developed at trial. While it does not affect our analysis of whether the prosecutor made an impermissible comment on the defendant's failure to testify at trial, we do express our alarm that counsel for appellant has submitted to this Court a brief in which the statement of facts does not correspond to the record in this case.

## DISCUSSION

Sanchez's complaint arises out of the following statement made by the prosecutor during closing argument after the charge was read to the jury:

> And the first witness you heard, [the victim], come in here. She testified and she told you about getting hurt, about what happened and she pointed over there and told you who did it.
>
> And we went over this in voir dire. At the end of the day, that was the only witness I needed to call and sometimes that's all I've got. That may sound easy, but it ain't, because whereas everybody else has a right not to testify, when you're a victim in a case, you don't because the State has the burden of proof. What that means is all of those reasons you may not want to testify if you're a defendant, about being afraid or he's being scared or—

At that point, counsel for appellant objected and asked to approach the bench. At the bench conference, defense counsel complained, "Your Honor, he's commenting on my client's failure to testify, Your Honor." In response, the prosecutor stated, "I am not." The following exchange took place among the prosecutor, defense counsel, and the Court:

> Defense Counsel: Yes, Your Honor. It is—the inference is he's not testifying. He has a right not to testify, Your Honor.
>
> Prosecutor: I didn't say anything about him not testifying.
>
> Defense Counsel: I realize that, but it's a negative inference that's inferred by it.
>
> The Court: I didn't perceive it that way, but I trust you will avoid that. And if there's some way you can phrase it to ensure that you're not it will be helpful.

After this colloquy, the prosecutor continued with his argument as follows:

2

A victim is no different than anybody else, just as nervous, just as scared, maybe ain't good at public speaking, but we ask them to come into a courtroom with a room full of strangers and tell you about some really horrible things.

If I asked any one of you who is married to tell me about the last time you had sex with your spouse up here in front of all of these people you don't really know, I guarantee you, none of you would want to do it. And yet we expect an 8-year-old child, who is now 10, to come in a couple of years afterwards, sit up here while they are being asked questions and to talk about that. So don't think it is easy to sit up here. It ain't. And with the guy who did it to her in the room while she does it. That's a heck of a thing.

[The victim] did. And that's why all I need is that. If at the end of the day, if you believe her, that's the end of this case. But I have more evidence than that. And she was a fine witness. Y'all heard her testify and she went through and [defense counsel] did his best to get her to say you can't say that's my client, and she repeatedly said, No, that's him. That's the guy who did it.

Defense counsel made no further objections to the prosecutor's closing argument. Appellant argues that the objected-to statement by the prosecutor was an improper comment on his failure to testify. The State counters that its closing argument was an attempt to explain that, although the State may secure a conviction based on the testimony of only one witness, that is not an easy task because the victim shares the same concerns about testifying in court that a defendant would; i.e., fear that they will not communicate effectively and nervousness. These were the reasons identified by the prosecutor in voir dire that a defendant might choose not to take the stand at trial.[2] The State maintains that its statement was not a comment on Sanchez's failure to testify, but was an

---

[2] During voir dire, the State questioned the venire members regarding their ability to follow the law and not consider the defendant's failure to testify in the event he did not. The prosecutor identified some reasons a defendant may not testify, including at the instruction of counsel, fear of speaking in public, or simply not wanting to. Defense counsel elicited from the venire members other reasons a defendant may not testify at trial, including not feeling comfortable on the stand, not speaking well in front of others, and language barriers.

explanation of how difficult it may be for a young victim to testify at trial for the same reasons that a defendant may choose not to testify.

A comment on a defendant's failure to testify violates both state and federal law. *See Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011). "The test for determining whether prosecutorial argument is a comment on a defendant's failure to testify 'is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.'" *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008) (quoting *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007)). "It is not sufficient that the language used might impliedly or indirectly be so construed." *Id.* Rather, "the implication that the State referred to the defendant's failure to testify must be a clear and necessary one." *Randolph*, 353 S.W.3d at 891 (citing *Bustamante v. State*, 48 S.W.3d 761, 767 (Tex. Crim. App. 2001)). "In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character." *Id.* We "must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument." *Id.*

We conclude that, viewed from the jury's perspective, the prosecutor's statement referring to "all of the reasons you may not want to testify if you're a defendant, about being afraid or he's being scared or—" would not necessarily or naturally be taken as a comment on the defendant's failure to testify. Rather, the comment made reference to the fact that, while a crime victim may not wish to testify for all the reasons a defendant might not, the State is required to meet its evidentiary burden of proof. The comment was a recognition that, unlike the victim, a

4

defendant has a right not to testify. It was not a negative comment on appellant's failure to testify. *See Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999) (comment recognizing defendant possesses *right* not to testify distinguishable from negatively commenting on defendants *failure* to testify). Significantly, the point the prosecutor was making was unrelated to and independent of whether or not Sanchez had testified at trial. The prosecutor did not point out an absence of contradictory evidence that could only have been supplied by the defendant or infer that there were only two people there and the jury heard from only one of them. *Compare Pollard v. State*, 552 S.W.2d 475, 477 (Tex. Crim. App. 1977) (where victim and accused were only persons present during offense, prosecutor's remark that victim's statement was uncontradicted was comment on defendant's failure to testify because defendant was only person who could refute victim's testimony); *Norton v. State*, 851 S.W.2d 341, 345 (Tex. App.—Dallas 1993, pet. ref'd) (prosecutor's comment that there "were only two people there and we heard from one of them" directly calls jury's attention to absence of evidence that only defendant's testimony could supply). At best, the statement might be construed as an implied or indirect allusion to the appellant's failure to testify, but we cannot conclude the jury would necessarily take it as a *comment* on his failure to testify. *See Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007) (test is whether language used was manifestly intended or was of such character that jury would necessarily and naturally take it as a comment on defendant's failure to testify.) Our conclusion is supported by defense counsel's own objection to the statement at trial that "the *inference* is he's not testifying" and " it's a negative inference that's inferred by it." For the reasons stated above, we overrule appellant's sole appellate issue.

**CONCLUSION**

Having concluded that the prosecutor did not make an impermissible comment on appellant's failure to testify at trial, we overrule the sole appellate issue and affirm the judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   August 25, 2015

Do Not Publish

6