RALPH BELL v. THE STATE.

No. 17979. Delivered March 18, 1936.

58

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The State's attorney before this court confesses that bill of exception No. 5 reflects reversible error. Said bill presents the following occurrence: Appellant did not testify. In argument to the jury the district attorney remarked that appellant had not offered any testimony. Appellant's counsel objected on the ground that said statement was a reference to appellant's failure to testify. The court overruled the objection. The district attorney then said: "The defendant could be the only man to know what was in his mind." Again, appellant's counsel objected. The district attorney replied: "I am referring to other witnesses besides the defendant. I am not referring to the defendant's failure to testify." In qualifying the bill of exception the trial court states that appellant offered no testimony. The qualification is to the further effect that the statement that appellant had offered no testimony referred to his failure to produce available witnesses. As to the statement by the district attorney that he was not referring to appellant's failure to testify, the qualification is to the effect that said statement was provoked by appellant's counsel. Touching the further statement of the district attorney that appellant was the only one who knew what was in his mind, the trial court states that same was made before the judge's bench and not the jury. It is not certified that the jury did not hear said statement. We are of the opinion that the district attorney's statement that appellant alone knew what was in his mind constituted an indirect reference to his failure to testify. Hence under the mandatory provisions of Art. 710, C. C. P., it becomes our duty to order a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.