CLARENCE DAVID MINTON V. STATE

No. 27,911. January 11, 1956

*Roy Joe Stevens* and *Clem Calhoun*, by *Roy Joe Stevens*, Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder with malice; the punishment, twenty-five years in the penitentiary.

No statement of facts accompanies the record.

For a reversal of this case, appellant relies upon two bills of exception and the facts certified therein.

Each bill of exception complains of the closing argument of state's counsel to the jury as being a reference to the failure of the appellant to testify as a witness.

The argument set forth in Bill of Exception No. 1 is as follows:

" 'There is no witness that the State can call who can testify what was in that man's head, no way we can tell you what his intent was.' "

The argument set forth in Bill of Exception No. 2 is as follows:

" 'We cannot open up that man's head and tell what was in his mind.' "

Each bill of exception certifies: (a) that the closing argument was made by state's counsel in connection with his argument as to the difference between murder with malice and murder without malice; (b) that appellant did not testify as a witness in the case; (c) that the argument was not in reply to, invited or provoked by, or in answer to any remarks or argument of appellant's counsel that the argument of state's counsel was not a proper comment upon any evidence in the case; (d) that appellant's objection to each argument, as being a reference to his failure to testify, was promptly sustained by the trial court; (e) that the jury was instructed to disregard the argument and not consider it for any purpose; and (f) that appellant's motion for a mistrial was refused.

When the trial court sustained the objection and instructed the jury not to consider the argument for any purpose, he recognized — and properly so — that the argument was a reference to the failure of the appellant to testify.

In Bell v. State, 130 Texas Cr. R. 57, 92 S.W. 2d 450, a very similar argument was held to be a reference to the failure of the accused to testify.

Such is also true of the case of Sanders v. State, 123 Texas Cr. R. 409, 59 S.W. 2d 1116, where, in closing argument, state's counsel used the following language:

" 'Gentlemen of the Jury, we cannot tell you whether this defendant knew that car was stolen or not; we cannot go over there where he sits and split his mind open with an axe and show it to you.' "

That argument was held to violate Art. 710, C.C.P. The similarity between that argument and that in the instant case is apparent.

Necessarily, then, the argument, here, of state's counsel and that set forth in Bill of Exception No. 2 must be construed as a reference to the failure of the appellant to testify, in violation of Art. 710, C.C.P.

Does the absence of a statement of facts affect the situation?

If this court has a discretionary right to determine the probable effect of the error, then of course the absence of a statement of facts would preclude a determination thereof. On the other hand, if the argument was such as to constitute reversible error, of and within itself, then the facts could not alter the situation nor would this court have discretion in the matter.

Art. 710, C.C.P., which has remained unchanged since its adoption in 1889, provides that "the failure of any defendant to so testify shall not be taken as a circumstance against him, *nor shall the same be alluded to or commented on by counsel in the cause.*" (Emphasis added.)

It has been the consistent holding of this court that this statute is a mandate to counsel, prohibiting the allusion to or comment upon the failure of the accused to testify in the case. Indeed Judge Morrow, speaking for this court in Haley v. State, 84 Texas Cr. R. 629, 209 S.W. 675, said:

"A disregard of this command of the statute has been from the date of its passage uniformly held an imperative cause for reversal."

See, also, Steele v. State, 134 Texas Cr. R. 620, 117 S.W. 2d 74.

Notwithstanding the construction this court has given to the statute and to the mandatory feature thereof, the legislature has not seen proper to change the statute.

By the plain language of the statute, prosecuting attorneys are prohibited from alluding to or commenting upon the failure of the accused to testify. State's counsel have been repeatedly admonished against a violation of the statute and reminded of the fact that when a violation does occur it is the duty of this court to reverse the conviction.

Because of the argument of state's counsel, which was a reference to the failure of the appellant to testify and violative of Art. 710, C.C.P., the judgment is reversed and the cause is remanded.