**Mark Wayne LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61311.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 10, 1982.

Rehearing Denied March 10, 1982.

John P. Knouse, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Mary Ludwick and Michael R. Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of possession of a short barreled firearm. V.T.C.A. Penal Code, Sec. 46.06. The punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant contends that the prosecutor committed reversible error when he made a comment on the appellant's failure to testify. Art. 38.08, V.A.C.C.P. provides that the failure of any defendant to testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. During the closing argument of the guilt-innocence phase of the trial, the following occurred:

"[PROSECUTOR]: What we are talking about is whether or not on June 2, 1978, at that time that he [the appellant] had this gun in his hand and just fired it. He was exercising control over it know-

ingly at that instant. Now, that is what we are talking about. We're not talking about whether or not he was taking target practice, he was trying to kill somebody, what his motive was, or whether or not he owned it, that is not in the charge, that is not the law. Maybe you have got a car, maybe you have loaned it to a neighbor, maybe that neighbor has driven that car, no question, you own the car, is there? But there is no question that at the time that neighbor was driving or controlling or caring for that car, that he was possessing it and that he was doing it knowingly. Why he borrowed it, his reason for it, like what is he shooting the gun at, doesn't matter, it is not in the law. The only person that knows the motive or what he was really doing with this gun is that man.

"[DEFENSE COUNSEL]: Your Honor, at this time I would object to the prosecutor's comment on the Defendant's testimony in violation of the law.

"[THE COURT]: The Court overrules.

"[PROSECUTOR]: What I am talking about is the reason, the motive, is known only in the mind of the Defendant. What we are talking about from the evidence, the physical facts, what is being presented to you is whether or not he knowingly possessed it."

 For an indirect allusion to or comment on a defendant's failure to testify to be reversible error, the prosecutor's implication must be a necessary one as viewed by the jury. *Milton v. State*, 620 S.W.2d 115 (Tex.Cr.App.1980) (Opinion on Rehearing); *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App. 1975). In the present case the argument clearly refers to the appellant and not to some other possible witness. Compare *Milton v. State*, supra. The comment necessarily refers to the appellant's failure to explain why he was in possession of the firearm. *Koller v. State*, 518 S.W.2d 373 (Tex. Cr.App.1975). The State argues that it was not a comment on the appellant's failure to testify asserting that, "the argument properly informs the jury that motive was not an element of the offense necessary to es-

tablish Appellant's guilt." While this may have been the prosecutor's intent, he exceeded that intention when he stated, "The only person that knows the motive of what he was really doing with this gun is that man," and "the motive is known only in the mind of the defendant."

The appellant did not testify. This Court must enforce the mandate of Art. 38.08, V.A.C.C.P. We conclude that the prosecutor's argument was an improper allusion to and a comment on the appellant's failure to testify. See *Bell v. State*, 130 Tex.Cr.R. 57, 92 S.W.2d 450 (1936); *Minton v. State*, 162 Tex.Cr.R. 358, 285 S.W.2d 760 (1956); *Koller v. State*, supra.

The judgment is reversed and the cause remanded.