Randall P. HENSON, Appellant,

v.

STATE of Texas, Appellee.

No. A14-81-625-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 3, 1982.

Rehearing Denied June 24, 1982.

William Burge, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is appeal from two companion cases: a conviction for the offense of aggravated

rape, proscribed by Tex.Penal Code Ann. § 21.03 (Vernon 1974) and revocation of probation based on a finding of commission of the offense of aggravated rape. The trial before a jury resulted in a verdict of guilty on the aggravated rape case and punishment was assessed by the jury at life imprisonment. The trial court without intervention of the jury found that appellant had committed the felony offense of aggravated rape and revoked probation on an earlier offense. Appellant asserts one ground of error in the revocation proceeding and three grounds of error in the aggravated rape conviction. We affirm.

In his only ground of error regarding his revocation of probation appellant urges that the trial court erred by conducting the revocation of probation proceedings concurrently with the trial on the merits of the new offense. Appellant was previously convicted in 1978 of the offense of indecency with a child and the court assessed punishment at ten years confinement in the Texas Department of Corrections, probated. Appellant was subsequently charged by indictment in the instant case of aggravated rape at which time the State filed a motion to revoke appellant's probation. After the jury was sworn but before the taking of evidence in the aggravated rape case, the trial court excused the jury and stated that it would then have the appellant enter a plea to the motion to revoke probation, hear evidence presented in the aggravated rape case and on the basis of that evidence determine whether the probation should be revoked. The appellant without objection to the procedure entered a plea of not true. The jury returned a guilty verdict in the aggravated rape trial, and after arguments on the punishment phase, retired to deliberate punishment. While the jury was deliberating punishment, the trial judge resumed hearing on the revocation of probation and on the basis of the evidence presented in the aggravated rape trial just concluded, found that appellant had committed the felony offense of aggravated rape and revoked his probation.

In the instant case appellant maintains the trial judge did not on the record at the time of resumption of the revocation of probation hearing take "judicial notice" of the evidence introduced in the aggravated rape conviction and thereby seeks to distinguish *Barrientez v. State,* 500 S.W.2d 474 (Tex.Cr.App.1973), where the order of revocation was upheld. In *Barrientez* the court did take judicial notice in a subsequent revocation hearing of the evidence heard in a previous murder conviction trial. We do not believe the *Barrientez* case and the instant case are comparable nor were the same procedures employed. The issue in both *Barrientez* and in the instant case is the commission and not the conviction of the offense on which the revocation of probation hearing is based. The revocation hearing in *Barrientez* was held approximately six months after the murder trial on which the State's revocation motion was based, and the point of error on appeal in that case was the sufficiency of the evidence to support the order of revocation. In *Barrientez* there was no record on appeal of the evidence heard in the prior murder trial other than taking "judicial notice" of such prior trial evidence by the court, the judge being the same in both cases. In the instant case, there is no point of error challenging the sufficiency of the evidence. The revocation hearing was held at the same time as the aggravated rape trial and the court on the record specifically stated he would take a separate plea on the revocation of probation and then would consider the evidence in the aggravated rape trial as the evidence of commission of the offense in the revocation of probation hearing. Further, in the instant case, there is a complete record on appeal of the evidence heard and considered by the court. In *Barrientez* the defendant strenuously objected to the offer of evidence "by reference" at the later revocation hearing; whereas in the instant case, no objection to the procedure was made.

Appellant further urges the consolidation procedure here employed by the court deprived appellant of a hearing without a jury in violation of Tex.Code Crim. Pro. art. 42.12 § 8(a) (Vernon 1979). In the

instant case no objection was raised to the procedure used and even if appellant had objected, appellant has failed to point out how he was harmed or prejudiced by the procedure used. *Moreno v. State,* 587 S.W.2d 405, 412 (Tex.Cr.App.1979). Appellant's only ground of error relating to the revocation proceeding is overruled.

Appellant's first ground of error in regard to the aggravated rape trial urges that the trial court committed reversible error by denying appellant's motion for mistrial based on a juror's withholding of material information to the prosecutor's question during voir dire examination regarding impartiality. Appellant does not argue that juror Watson's statement should have disqualified her as a matter of law. During voir dire examination of the jury, the prosecutor asked the panel about their ability to be fair and impartial jurors and stated that he took by their silence that they could be fair and impartial. After the State and appellant had exercised their peremptory challenges and after juror Watson had been sworn in as a juror, but prior to the introduction of any evidence, juror Watson stated the following to the Court:

> "My husband was on a rape case two weeks ago I am afraid I couldn't serve on a jury without being biased."

Appellant then moved for a mistrial on the ground that juror Watson had stated that she could not be fair and impartial; the motion was denied and it is this action of the trial court of which appellant specifically complains. Counsel for appellant indicated to the trial court that upon conclusion of the trial that he would like to make a bill of exceptions with juror Watson but in fact failed to do so. There was no request or effort made to inquire of the juror at the time the above statement was made or at any stage of the proceedings, to determine whether the juror was in fact biased, and if so, the nature and extent of such bias.

Appellant relies upon *Brandon v. State,* 599 S.W.2d 567, 572 (Tex.Cr.App.1980) and *Salazar v. State,* 562 S.W.2d 480 (Tex.Cr. App.1978) for the proposition that a venireman who has expressed bias and prejudice

against an accused can almost never be rehabilitated. Furthermore, appellant urges that *Von January v. State,* 576 S.W.2d 43 (Tex.Cr.App.1978) is applicable; the Court in that case held that when a partial, biased or prejudiced juror is selected without fault or lack of diligence on the part of defense counsel, who has acted in good faith upon answers given to him on voir dire not knowing them to be incorrect, good ground exists for new trial. *Von January v. State, supra* at 45 citing *Norwood v. State,* 123 Tex.Cr.R. 134, 58 S.W.2d 100 (1933) and cases cited therein.

■ We do not question the soundness of these rulings as "the jury system and its purity should not be taken lightly." *Von January v. State, supra,* 576 S.W.2d at 46. However, where a juror was determined to be biased in the aforementioned cases without exception the appellant affirmatively demonstrated that the juror was biased and prejudiced and that such bias and prejudice was directed against the accused. See *Brandon v. State, supra,* 599 S.W.2d at 572. In *Salazar v. State,* 562 S.W.2d 480 (Tex.Cr. App.1978) the juror had in fact been untruthful in an answer on his juror information form and during the course of the trial the juror informed the trial judge of the falsity of the information all of which was reflected in the record; in *Von January v. State,* 576 S.W.2d 43 (Tex.Cr.App.1978) evidence was adduced at the hearing on appellant's motion for a new trial which affirmatively demonstrated that a venireperson's responses during voir dire were inaccurate; in *Brandon v. State,* 599 S.W.2d 567 (Tex. Cr.App.1979) the court did not find that the juror was prejudiced against appellant merely by reason of his acquaintance with one of the parties in the case. It is also held the juror did not mislead or misinform appellant on voir dire by failing to disclose additional facts, and appellant was on notice that further questions might reveal something relevant. There is no evidence in the record of juror Watson's alleged bias and alleged harm to the appellant since no bill of exceptions was made, no evidence was presented at the motion for mistrial

nor was any evidence presented on appellant's motion for a new trial. Even though the jury had been selected there was opportunity, prior to the presentation of evidence in the trial, to determine if in fact the juror was biased and the extent of such bias. The appellant's motion for a new trial was made on the general ground that "[t]he judgment of the Court is contrary to the law and evidence in such Cause." There was also no showing that the juror in fact had made a previous false response to the prosecutor's inquiry during voir dire. The juror's statement after being sworn as a juror, standing alone, does not establish she was biased or that a false response had previously been made.

■ Appellant's failure to inquire into Watson's prejudice or bias presents nothing for review. It is entirely conceivable that juror Watson could have been biased against the State or that she in fact had no bias at all. In any event, the Court of Criminal Appeals has indicated great reluctance to engage in speculation "as to the prejudice, if any, of (a) juror in favor of or against Appellant." *Jackson v. State,* 548 S.W.2d 685, 697 (Tex.Cr.App.1977). Since there is no evidence in the record of the existence, extent and nature of juror Watson's bias, if any, or any harm incurred by the appellant by reason of such alleged bias, we cannot engage in conjecture as to the features, if any, of her alleged bias. Therefore, we overrule appellant's first ground of error.

Appellant, in his second ground of error, contends that the trial court committed reversible error based on the prosecutor's comment on appellant's failure to testify. Specifically, appellant complains of the prosecutor's final argument to the jury which contained the following:

> That is when you hear from Lio. He says this man, this totally innocent victim of circumstances, sees this man and says, I want to talk to you. What does he do? This innocent man bolts. He starts running. It's uncontradicted. He takes off and Lio is in pursuit.

The jury was instructed to disregard this statement after appellant's objection to the prosecutor's comment was sustained. Appellant argues that the prosecutor's use of the word "uncontradicted" as well as a later statement "for some reason known only to himself (the appellant)" were tantamount to direct and irrefutable statements on appellant's failure to testify.

■ The State in response points out that more than just the appellant and "Lio" were present on the apartment premises when appellant ran immediately preceding his detention and arrest; some trial testimony indicated three other persons approached appellant after he had been observed on the premises and that they all pursued him when he attempted to flee. "A statement that certain evidence is uncontroverted or unrefuted or uncontradicted does not constitute a comment on the accused's failure to testify where the record indicates that persons other than the accused could have offered contradictory testimony." *Pollard v. State,* 552 S.W.2d 475, 477 (Tex.Cr.App.1977) citing *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr.App.1974) and *Gorman v. State,* 480 S.W.2d 188 (Tex. Cr.App.1972). In the instant case the record shows that other persons besides the appellant and Lio were present at the time of appellant's apprehension. These witnesses did testify and could have offered contradictory testimony which they did not and as such the prosecutor's comment did not constitute a comment on appellant's failure to testify. Appellant's second ground of error is overruled.

■ In his final ground of error appellant argues that the trial court erred in allowing the State to offer testimony which established that when appellant was later arrested and detained a loaded pistol was found on his person because such testimony constituted the introduction of an extraneous offense. The record reveals that appellant made a timely objection to the introduction of the testimony of which he complains. However, the same evidence was elicited by the prosecutor from the very next witness and this testimony was re-

peated with no objection by the defense. Further, the defense cross-examined the later witness on the possession of the loaded pistol. Even if the prior testimony of the earlier witness had been improper the Court of Criminal Appeals has stated that:

"... [t]he improper admission of evidence does not constitute reversible error if the same facts were shown by other evidence to which no objection was addressed."

*Hughes v. State,* 562 S.W.2d 857, 864 (Tex. Cr.App.1978) and cases cited therein. Appellant's final ground of error is overruled.

The judgment of the aggravated rape conviction is affirmed. The judgment of the revocation of probation is affirmed.