**Randall Paige HENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 615–82.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 12, 1984.

**2.** All references are to articles in V.A.C.C.P. unless otherwise indicated.

William W. Burge, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Patricia Saum and George McCall Secrest, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of aggravated rape. The jury also found the enhancement paragraph to be true and assessed punishment at confinement for life. See V.T.C.A., Penal Code, Sec. 12.42(c). The court of appeals for the Fourteenth Supreme Judicial District affirmed the conviction. *Henson v. State,* 650 S.W.2d 432 (Tex.App.—Houston [14th] 1982). We granted appellant's petition for discretionary review to address his contention that the trial court erred by overruling his objection to the prosecutor's argument that appellant contends is a comment on appellant's failure to testify.

Appellant's defense was alibi. His wife testified that appellant was with her at the time the offense was committed. Appellant also attempted to show that the victim had misidentified him as the rapist because she had testified that she saw a tatoo on the left arm of the rapist, but did not look at his right arm, which held the gun, and therefore did not see a tatoo on the right arm. Appellant had tatoos on both arms.

During closing argument at the guilt-innocence stage of trial, defense counsel argued that appellant was not the one who raped the victim, that the victim had misidentified appellant as the rapist. He also cautioned the jury not to convict appellant on the basis of an extraneous rape, evidence of which had been presented by the State in rebuttal.

██ In his closing argument the prosecutor stressed both appellant's behavior when arrested and the victim's identification of appellant, bolstered both by her description of appellant to investigating officers and by her identification of appellant as the offender at a lineup. Then he said:

[PROSECUTOR]: ... This is a very, very grave situation because the evidence in this case is overwhelming. The evidence is such that it cries out for a guilty verdict. *Not because* the defendant had a gun in his possession, *not because* for some reason known only to himself he has all those—

[DEFENSE ATTORNEY]: Object to the comment on the defendant's failure to testify.

THE COURT: Overruled.

[DEFENSE ATTORNEY]: Note our exception.

[PROSECUTOR]: This stuff is in the vehicle. He is arrested and, of course, his defense is, folks, I know Dianne has gone through living hell but it wasn't me and who does he put on the stand? His wife. I'm not going to criticize his wife[1]

. . . .

First, we must decide whether the statement is a comment on appellant's failure to testify, either because the language was manifestly intended to be such a comment or because the language is such that a jury would take it as a comment on appellant's failure to testify. *Short v. State*, 671 S.W.2d 888 (Tex.Cr.App.1984).

The statement was not a direct comment on the failure to testify and the State argues that the prosecutor was saying that the State had proven their case based upon the complainant's testimony alone and that the evidence of other acts of the appellant—possession of the gun and possession of the ladies undergarments found in his vehicle—were not even needed to prove him guilty, that they were only incidental acts. We agree that the prosecutor's statement was not manifestly intended to comment on the failure to testify, therefore, we must determine if the comment is of such a character that the jury would "naturally and necessarily" take it to be a comment on

appellant's failure to testify. See *Short,* supra.

Alleged argument error must be viewed in the context of the entire argument, keeping in mind the evidence presented and that isolated sentences taken out of context may take on meaning different than that understood by the jury. See *Short,* supra. The comment in the instant case refers to· the rather odd fact that appellant had a bag full of ladies undergarments in his truck several days after the instant offense when he was arrested. The complainant had testified that her undergarments, which appellant had taken off her, were nowhere to be found after he left.

The prosecutor's comment was somewhat ambiguous, its meaning depending upon the emphasis and manner with which it was enunciated. Viewing it as a literal argument leads to the inference that appellant could tell us the answer but he did not. Viewing it as a rhetorical observation, however, we can infer that the prosecutor meant that, regardless of the reason for appellant's having the items in his truck, the State had proved him guilty and no one need know or care why he had those items. This view is more consistent with what we perceive to be regular idiomatic usage and with what we perceive to be a likely, common inference.[2] The parallel syntax of the comment about the gun and that about the "all those" also indicate a parallel message, namely, "Who knows why he had a gun and who knows why he had those items in his truck. It does not matter because his guilt as to the primary offense has been proved."

Because the comment leads to two plausible inferences, we cannot say that a jury would *necessarily* take it to be a comment on appellant's failure to testify. *Short,* supra. Further, an indirect comment, such as this one, is not harmful if it does not call

---

**1.** Reference to appellant's wife as a witness is proper argument to the extent the prosecutor is saying that all you can put on is your wife, an interested party with an obvious bias in favor of appellant.

**2.** The idiomatic usage here being "God only knows", i.e., the prosecutor shrugged verbally.

for a denial of an assertion of fact or for contradictory evidence, that only the defendant is in a position to offer. *Short,* supra; *Johnson v. State,* 611 S.W.2d 649 (Tex.Cr.App.1981). The instant argument calls for neither of those. It rather calls for the jury to focus its consideration on that part of the case which they can *themselves* understand: the evidence of guilt.

Other cases in which comments have been held to be reversible error are ones in which the comment concerned an explanation about the crime itself, like the motive of the accused, comments which made reference to a defendant's failure to testify about the crime itself. See *Lee v. State,* 628 S.W.2d 70 (Tex.Cr.App.1982). See also *Minton v. State,* 162 Tex.Cr.R. 358, 285 S.W.2d 760 (1956); *Bell v. State,* 130 Tex. Cr.R. 57, 92 S.W.2d 450 (1936); *Sanders v. State,* 123 Tex.Cr.R. 409, 59 S.W.2d 1116 (1933). In the instant case, the comment, alone or in the context of the whole argument, does not pertain to the rape or to motive for the rape, and thus does not call to a jury's attention the failure of the only person who could explain that incidental information to testify.

Because we do not find that a jury would naturally and necessarily have taken the comment to refer to appellant's failure to testify, and because the comment does not call for a denial of an assertion of fact or contradictory evidence, we hold that the argument was not an improper reference to appellant's failure to testify.

The judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.