

NUMBER 13-18-00371-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE ANGEL FLORES,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

**On appeal from the 117th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Jose Angel Flores challenges his conviction for aggravated sexual assault of a child, a first-degree felony for which he was sentenced to thirty years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.021. Appellant raises five issues, which we construe as four: (1) the trial court committed "fundamental error" by its rulings on

evidence; (2) the trial court erred when it did not allow a witness to testify that she had been sexually assaulted by the complainant's father; (3) the trial court erred, denying him a fair and impartial trial, when it overruled his objections to the State's closing argument; (4) the trial court erred by denying his motions for mistrial. We affirm.

## I. BACKGROUND

J.R.[1] testified that on or about August 22, 2014, when she was nine years old, she stayed overnight at appellant's house after her grandmother's birthday party. Appellant is J.R.'s uncle. J.R. and a few other children slept together in a bed after watching a movie. Appellant's footsteps woke J.R. before he entered the room, locked the door, and sexually assaulted her. J.R. testified that she laid on the bed pretending to be asleep while appellant put his penis inside her vagina, and she remained in the bed after he left the room. Approximately fifteen months later, J.R.'s mother took her to a hospital for a sexual assault examination. As part of the examination, J.R. recounted the following: "It was the night on my grandma's birthday, me and my sister and my cousins were asleep in my Tia's room, and my Tio came in and put his thing inside of me. I didn't like it, so I moved and he left." The sexual assault nurse examiner, Sandra Pardo, testified that J.R. was referring to appellant when she wrote "Tio" in the history report.

J.R. and her mother testified that J.R. stayed overnight at appellant's house on August 22, 2014, but several of appellant's family members who were at the party testified that J.R. did not stay overnight, which they deduced in different ways. Two witnesses testified that they saw J.R. get into a car to leave with her family and were sure that she did not stay the night. Another witness testified that she slept there that night and did not

---

[1] We refer to the complainant and other parties by initials to protect their identities.

2

see J.R. that night or the next morning. Appellant and appellant's girlfriend also testified that J.R. did not stay the night.

Appellant testified that he had been in special education classes all his life and that his reading and writing skills were at about a fourth-grade level. Appellant testified that J.R. initially accused her father G.R.—not appellant—of sexually assaulting her. Appellant testified that G.R. informed him of J.R.'s allegations as follows:

> I mean, so I say, "What's wrong, bro?" And he told me that, "Hey, you know what? My daughter just told me that I fucked her." And I look at him, "Hey, hold on, bro. I mean you need to go talk to somebody else. I mean, go get a lawyer or something, you know," right? And then he turned around and said, "No, but now she's saying that you did too." I said, "Hold on, bro. But don't tell [appellant's girlfriend or A.F., appellant's daughter]." Like I got in shock and I said, "[A.F.]." I started to call my little girl and my wife and they came over they said, "I heard." And "Get the fuck out of my sight, man," you know.

He testified that he did not commit the offense and that he "couldn't have" committed the offense because J.R. did not stay at his house that night.

Detective Gonzalo Jimenez of the Robstown Police Department was assigned to the case in 2015. When asked whether he "investigate[d] circumstances with regard to the allegation of, that the child first accused her father of assaulting her," Jimenez replied "Yes." There was also evidence that officials at J.R.'s school received reports from J.R.'s friends in 2015, but the reports were vague and never identified a specific person or incident. At some point in 2015, J.R.'s mother and a family friend asked J.R. questions until J.R. divulged that she had been touched by one of her uncles.

Appellant was found guilty by the jury and this appeal followed.

## II. DISCUSSION

Appellant addresses his first three issues together in his brief, thereby effectively arguing one multifarious issue challenging several distinct rulings and comments. Only

3

some of the argument is supported by record references and citations to appropriate authority. We will attempt to address all issues fairly raised and adequately briefed.

## A. Search Warrant Affidavit

By part of his second issue, appellant argues that he "attempted to elicit testimony from the State's investigating officer through an affidavit for a search warrant prepared by him to search [G.R.]'s house." He contends that "[t]he judge denied defense counsel's attempts to introduce the affidavit and asserted the witness could testify as to his investigation." Appellant argues that this was error.

As a prerequisite to presenting a complaint for appellate review, the record must show that the motion "complied with the requirements of the Texas Rules of Evidence" and that the trial court ruled or refused to rule on the request. TEX. R. APP. P. 33.1(a). A party may claim error in a ruling to exclude evidence only if the error affects a substantial right of the party and the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context. TEX. R. EVID. R. 103(2); *Mata v. State*, 517 S.W.3d 257, 264 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd).

The State argues, and we agree, that appellant did not preserve error for appeal. See TEX. R. APP. P. 33.1(a). The affidavit which appellant contends the trial court erred by excluding does not appear in the record. Appellant does not direct us to any point in the record wherein the affidavit was offered into evidence, wherein an offer of proof was made, or wherein defense counsel informed the court of the content of the affidavit. *See* TEX. R. EVID. R. 103; *Mata*, 517 S.W.3d at 264. Therefore, we overrule this part of appellant's second issue.

4

**B. Witness Testimony**

Also by his second issue, appellant contends that the trial court erred by disallowing testimony by appellant's daughter, A.F., that she had been sexually assaulted by the complainant's father G.R., who is A.F.'s uncle. At trial, defense counsel asked A.F. whether G.R. had assaulted her, but the court sustained the State's timely objection as to relevance. *See* TEX. R. EVID. 401. At a bench conference, the trial court pointed out that G.R. was not on trial. It observed that the evidence was highly prejudicial and asked defense counsel about the probative value of the evidence. *See* TEX. R. EVID. 403. Defense counsel replied that "the outcry initially was that he was doing this with his own daughter," before the trial court again interjected that the evidence was "highly prejudicial and you know it, okay?" At that point, defense counsel withdrew his question, and the trial court stated: "I think you better. I'm going to grant as to relevance."

We review a trial judge's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id.*

We note that appellant's brief is devoid of any argument in support of his claim that the trial court erred in disallowing this testimony. *See* TEX. R. APP. P. 38.1(i). Further, the State argues that appellant "clearly abandoned this line of questioning by specifically announcing that he would 'withdraw' the question at issue" and that his withdrawal waived error. *See* TEX. R. APP. P. 33.1(a).

Even assuming the issue was preserved and adequately briefed, we do not find any abuse of discretion. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. TEX. R. EVID. 404(a)(1). Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. TEX. R. EVID. 404(b)(1). While there are exceptions to these rules, *see* TEX. R. EVID. 404(a)(2)–(a)(4), (b)(2), appellant did not advance any at trial and does not advance any on appeal. We overrule appellant's the remainder of appellant's second issue.

## C.      Comments on the Weight of the Evidence

By an unenumerated issue addressed throughout his brief, appellant argues that the trial court made "several" improper comments on the weight of the evidence which denied him a fair and impartial trial.

The Texas Code of Criminal Procedure provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05. A litigant's inaction at trial does not waive the right to claim improper comment on appeal. *Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017). The trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th Dist.] 2006, no pet.). However, "a trial judge's irritation at the defense attorney does not translate to an

indication as to the judge's views about the defendant's guilt or innocence. . . . A trial judge has broad discretion in maintaining control and expediting the trial." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).

Appellant first complains that "the court initially made a statement that the attorney was testifying which was not objected to by the prosecution." However, appellant does not state where in the record this statement appears; accordingly, the issue is waived as inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). In any event, a trial court's admonishment to counsel to "quit testifying" is not a violation of Article 38.05 because it is not a comment on the weight of the evidence or a conveyance of opinion to the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05; *Resendez v. State*, 160 S.W.3d 181, 189 (Tex. App.—Corpus Christi 2005, no pet.).

Second, appellant contends:

> where the court interrupted counsel's cross-examination, sustained the State's objection and stated that counsel could ask the alleged victim the question . . . was a major example of the Court's commenting on the weight of the evidence to such a degree that it was calculated to diminish the credibility of the defense's approach to the case.

Appellant provides a record reference for this assertion. However, we can discern no error. According to the record, after sustaining a hearsay objection, the trial court commented that appellant would have a chance to "ask the victim" the disallowed questions on cross-examination. This is not a comment on the weight of the evidence. The court's comments did not violate Article 38.05. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05. We overrule this issue.

**D.    Improper Argument**

By his third issue, appellant argues that the State engaged in prosecutorial

7

misconduct and the trial court committed reversible error when it "refused to admonish the prosecutor to not misstate the evidence."

Permissible jury argument falls into four distinct and limited categories: (1) summary of the evidence; (2) reasonable deductions from the evidence; (3) response to opposing counsel's argument; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Even if an argument is improper, it will not constitute grounds for reversal unless the statements to the jury injected new and harmful facts to the case, or were so extreme and manifestly improper that they deprived appellant of a fair and impartial trial. *Id.* at 573 n.3; *see* TEX. R. APP. P. 44.2(b) (providing that non-constitutional error which "does not affect substantial rights must be disregarded" on appeal); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) ("A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict."). We examine alleged improper argument in light of the facts adduced at trial and in the context of the entire argument, *McGee v. State*, 774 S.W.2d 229, 239 (Tex. Crim. App. 1989), and we review the trial court's ruling on an objection to the argument for abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

The portion of the argument which appellant complains of, along with the objection and ruling, appears in the record as follows:

> [Prosecutor:] And what's really interesting about all of this is that [appellant's] only defense seems to be [J.R.] didn't spend the night, [J.R.] didn't spend the night the night of the party. That's all they've ever said as far as any type of defense. He's never denied it, even when I sat here and asked him, "When [G.R.] approached you about what happened, did you ever deny it?" He said it multiple times in the interview, "[G.R.] said this and

8

he's accusing you, or she's accusing you of doing this" in pretty vulgar language, when you're considering a nine-year-old. I mean, I don't know what man in his right mind would talk about F-ing a nine-year-old, but that's his mentality. But as I was saying, this is—he sat here and could not deny it, he couldn't deny—

[Defense counsel]: Objection, Your Honor, she's mischaracterizing—

THE COURT: We will allow the—

[Defense counsel]: —the testimony.

THE COURT: We will allow—we will allow the jury to make the conclusions as to what they heard in the testimony. Overruled.

[Defense counsel]: Thank you, Your Honor.

THE COURT: It is closing argument.

[Prosecutor]: I asked him multiple times, did he ever hear himself deny it when [G.R.] was talking to him, making those accusations against him? If you listen to that, you'll never hear him say that he said, "No, man, I didn't do this, bro, I didn't do that to your daughter." He never said that. "Oh, you got to talk to somebody. I'm not the person to talk to. You got to talk to somebody else. [G]o to the police." But he never said, "No, I didn't do that, I wouldn't do that." He never said that. And then when I was asking him about it today during that same line of questioning, he never denied it. The only argument that they've had is that [J.R.] didn't spend the night that night.

"[I]solated sentences taken out of context may take on meaning different than that understood by the jury." *Henson v. State*, 683 S.W.2d 702, 704 (Tex. Crim. App. 1984). For that reason, "[a]lleged argument error must be viewed in the context of the entire argument." *Id.* When the closing argument is viewed in its entirety, it appears that the State was referring to appellant's failure to deny the allegations against him specifically when he was first informed of them by G.R. This assertion is supported by the record.

That said, the prosecutor's remarks that appellant "sat *here* and could not deny it"

9

(emphasis added) and that he "never denied it" plainly went too far. They strongly implied that, not only did appellant fail to deny the allegations when he was first informed of them, he also failed to deny them when he testified at trial. But appellant did deny the allegations at trial. Thus, the prosecutor mischaracterized the evidence and the trial court erred in overruling defense counsel's objection. *See Brown*, 270 S.W.3d at 570.

Nevertheless, we conclude that the error is not reversible because appellant did not demonstrate that the prosecutor's remarks were "extreme or manifestly improper" or that his substantial rights were affected. *See id.* at 573 n.3; *see also* TEX. R. APP. P. 44.2(b). As noted, the offensive remarks were made alongside the prosecutor's broader argument that appellant had failed to deny the allegations when he was first informed of them, which is supported by the evidence. Moreover, the jury heard and considered appellant's unequivocal denials during his testimony. Thus, we cannot conclude that the trial court's error in denying appellant's objection had a "substantial and injurious effect or influence" on the verdict. *See King*, 953 S.W.2d at 271.

Appellant's third issue is overruled.

## E. Motions for Mistrial

Appellant moved for mistrial prior to the punishment phase, and again after the punishment phase. By what we construe as appellant's fourth issue, he argues that the trial court erred by denying those motions.

A motion for mistrial should only be granted for "highly prejudicial and incurable errors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). "The question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis." *Hawkins v. State*, 135 S.W.3d 72, 78 (Tex.

10

Crim. App. 2004). We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Id.* at 77. In determining whether the trial court abused its discretion, "we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Id.* (citing *Martinez v. State*, 17 S.W.3d 677, 693–694 (Tex. Crim App. 2000)).

Appellant incorporated the issues discussed above in his motions for mistrial. The only error appellant claims the court made, other than those already addressed, is the trial court's comment to the jury that anything that the attorneys say is not evidence. In light of the fact that we overruled appellant's other issues, we conclude the court did not abuse its discretion by denying the motions for mistrial. Appellant's fourth issue is overruled.

## F. "Fundamental Error"

In what appears to be his first issue, appellant contends that "the entirety of the action by the court" discussed in his brief rises to "fundamental error" which may be raised for the first time on appeal. However, as the Texas Court of Criminal Appeals recently explained, there is no common-law "fundamental error" exception to the rules of error preservation. *Proenza*, 541 S.W.3d at 794. Though "[s]ome rights are widely considered so fundamental to the proper functioning of our adjudicatory process" that they need not be preserved at trial, *id.*, appellant provides no authority, and we find none, indicating that any such right is implicated here. In any event, we have found no reversible error in our consideration of appellant's other individual issues. Appellant's first issue is overruled.

### III.  CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2019.